U.S. Bank N.A. v Hossain (2019 NY Slip Op 08505)





U.S. Bank N.A. v Hossain


2019 NY Slip Op 08505


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10422 850116/14

[*1] U.S. Bank National Association, etc., Plaintiff-Respondent,
v
Nilufar Hossain, Defendant-Appellant, Mohammed Hossain, et al., Defendants.


The Law Office of Lawrence A. Garvey & Associates, P.C., White Plains (Joseph Reiter of counsel), for appellant.
Roach & Lin, P.C., Syosset (Michael C. Manniello of counsel), for respondent.



Order, Supreme Court, New York County (Judith Reeves McMahon, J.), entered October 17, 2018, which, upon the motion by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as trustee for Winsted Funding Trust 2015-1 (Wilmington), granted summary judgment to plaintiff, unanimously affirmed, without costs.
Plaintiff's standing to bring this mortgage foreclosure action was established by the submission of a copy of the mortgage, a copy of the note, indorsed in blank, on which it is undisputed that defendant defaulted, and a copy of the mortgage
assignment, which were all attached to the complaint (Wilmington Savings Fund Society, FSB v Moran, 175 AD3d 1196 [1st Dept 2019]). Also submitted was an affidavit by an employee of plaintiff's servicing agent with personal knowledge of its business records, who averred that the note was in plaintiff's physical possession at the time the action was commenced (see PNC Bank, N.A. v Salcedo, 161 AD3d 571 [1st Dept 2018]).
Wilmington, as assignee and the current holder of the note, indorsed in blank, and mortgage, is permitted to "continue [the] action in the name of the original mortgagee, even in the absence of a formal substitution" (Central Fed. Sav. v 405 W. 45th St., 242 AD2d 512, 512 [1st Dept 1997]; CPLR 1018). Wilmington's standing is demonstrated by an affidavit by an employee of its servicing agent with personal knowledge of its business records who averred that it currently has possession of the original note
(see e.g. PNC Bank, 161 AD3d at 572; U.S. Bank N.A. v Askew, 138 AD3d 402 [1st Dept 2016]; Wells Fargo Bank, N.A. v Ndiaye, 146 AD3d 684 [1st Dept 2017]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK